```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

Kimberly Johnson Moore,     )
                            )
        Plaintiff,          ) Case No. 1:09-CV-825
                            )
    vs.                     )
                            )
Michael J. Astrue,          )
Commissioner of Social      )
Security,                   )
                            )
        Defendant.          )

                       O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of March 11, 2011 (Doc. No. 16) and Plaintiff's objections to the Report and Recommendation (Doc. No. 17).  In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence.  Therefore, Judge Bowman recommended that the ALJ's decision be affirmed and the case be closed on the docket of the Court.  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  The Court concludes that the ALJ's determination that Plaintiff is not disabled was supported by substantial evidence.  Accordingly, the ALJ's determination that Plaintiff is not disabled is **AFFIRMED.**

I. Background

In November 2005, Plaintiff Kimberly Moore filed a claim for disability insurance benefits and supplemental security income based in relevant part on spinal stenosis, bi-polar mood disorder, and mental illness. Plaintiff was age 34 at the time and her past relevant jobs included fast food worker, labeler, and material handler. The fast food worker position is classified as a light exertion position. The labeler position is classified as a light position, but as actually performed by Plaintiff was a heavy position. The material handler position is also a heavy exertion position. Plaintiff stopped working in 2003 after she injured her back lifting a heavy box.

The issues presented by Magistrate Judge Bowman's Report and Recommendation and Plaintiff's objections are the ALJ's rejection of the opinions of Dr. Ahmed, the treating orthopedist, and Dr. Onady, the treating psychiatrist, as well as his determination that Plaintiff's subjective complaints are not credible.

In June 2005, Dr. Ahmed provided a physical residual functional capacity evaluation which stated that Plaintiff has spondylosis, a cervical spine sprain, facet joint arthropathy, and disc prolapse at L4-L5. Tr. 440. As a result of these conditions, Dr. Ahmed indicated that Plaintiff's pain would often interfere with her attention and concentration. He also stated

2

that Plaintiff can only sit for two hours at a time and stand for one hour at a time.  Plaintiff would also have to stand and walk every 15 minutes and that she would have to take two to three unscheduled breaks during the day for up to 15 minutes.  Tr. 441-42.  Plaintiff can only lift up to 10 pounds occasionally, and could never lift anything heavier.  Plaintiff can never bend or twist at the waist and would miss one day of work per month.  Tr. 441-42.  In his testimony, the vocational expert stated that an ability to sit for only 4 hours per day and stand or walk for 2 hours per day would preclude competitive employment.  Tr. 576.

      In his decision denying Plaintiff's disability claim, however, the ALJ determined that Dr. Ahmed's opinion was not entitled to controlling weight.  Tr. 18.  The ALJ concluded that Dr. Ahmed's restrictions were excessive in light of the absence of any findings of a focal deficit of motor power or reflexes and the conservative nature of Plaintiff's treatment.  In the latter regard, the ALJ specifically noted that Plaintiff had not sought physical therapy or chiropractic treatment.  The ALJ also observed that two examining physicians had not observed any surgical lesions.  The ALJ recognized that more recent MRI's and EMG's suggested a more significant pathology than previously reported, but he also observed that Plaintiff retained normal strength and that surgery was apparently not indicated.  The ALJ also discounted Dr. Ahmed's opinion as being dated.  The ALJ

3

summarized that Dr. Ahmed's opinion was not well-supported by medical findings and was inconsistent with the record as a whole, and, thus, was not entitled to controlling weight or substantial deference.  Tr. 18-19.

Dr. Onady provided a mental residual functional capacity evaluation in which she reported diagnoses of bipolar disorder, panic disorder with agoraphobia, alcohol abuse in sustained remission, and opioid abuse.  Dr. Onady indicated that Plaintiff has moderate limitations in activities of daily living and marked limitations in maintaining social functioning and concentration, persistence, and pace.  She also stated that Plaintiff would have continual episodes of decompensation in a work-like setting.  Tr. 314.  Dr. Onady's report indicates that most of Plaintiff's marked limitations concern her concentration and persistence and inability work appropriately with supervisors and co-workers due to panic attacks and angry outbursts.  Tr. 315-17.

The ALJ also concluded that Dr. Onady's opinion was not entitled to controlling weight.  The ALJ observed that Dr. Onady's opinion was based on Plaintiff's subjective allegations.  The ALJ concluded, however, that Plaintiff was not a credible or reliable historian because of her drug-seeking behaviors and her lack of commitment to a treatment plan, as evidenced by her many cancellations and no-shows for therapy appointments. Tr. 19.  The

ALJ also determined that Dr. Onady's opinion was contradicted by the opinion of the examining psychologist, Dr. Chiappone, who concluded that Plaintiff has only mild limitations in concentration and attention and in ability to relate to co-workers, supervisors and the public.  Tr. 19, 185.  Dr. Chiappone also found that Plaintiff is only moderately limited in persistence and in stress tolerance.  Tr. 185.  The ALJ further determined that Dr. Onady's opinion was contradicted by Plaintiff's level of functioning in her daily activities, which include taking care of her two children, carrying out routine household chores, making visits outside of the home, going shopping with her parents, using the computer, and doing crossword puzzles.  Tr. 16.  Thus, the ALJ determined that Dr. Onady's opinion was not entitled to controlling weight because it was not supported by clinical findings and was inconsistent with the record as a whole.  Tr. 19-20.

      Finally, as is relevant here, the ALJ determined that Plaintiff's subjective complaints were not credible.  As a basis for this conclusion, the ALJ relied on Plaintiff's drug-seeking behaviors and failure to comply with a treatment program.  The ALJ also determined that Plaintiff's complaints were contradicted by her activities of daily living.  He also concluded that Plaintiff is prone to engage in physical altercations with

others, which is inconsistent with her claim to be disabled and a recluse.  Tr. 16, 20.

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to work at the light level of exertion, but she must be able to alternate between sitting and standing every 30 minutes.  Moreover, Plaintiff cannot crawl, climb ladders or scaffolds, or crouch, stoop or kneel more than occasionally.  Plaintiff cannot reach above her shoulder more than occasionally and cannot work around unprotected heights or moving machinery.  She should not have more than occasional interaction with the co-workers, supervisors, or the public.  Plaintiff cannot follow complex instructions and her work must involve low stress activities, i.e., no quotas or production pressures.  Tr. 17.

Based on that RFC, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a fast food worker, labeler, or material handler. Tr. 20-21.  Based on the testimony provided by the vocational expert at the evidentiary hearing, the ALJ concluded that Plaintiff has the RFC to perform such jobs as food and beverage order clerk, automatic grinding machine operator, clip loading machine operator, ink print operator, routing clerk, textile inspector, and carton package machine operator.  Tr. 21.  All of these jobs are available in significant numbers in the national economy.  Tr. 21-22.  Based

on the determination that there are significant jobs available that Plaintiff can perform, the ALJ concluded that she is not disabled under the Social Security regulations.  Tr. 22.

The Appeals Council denied Plaintiff's request to review the ALJ's decision, making that determination the final decision of the Commissioner.  Plaintiff filed a timely complaint for review of the ALJ's decision which claimed that the ALJ erred in rejecting the opinions of Dr. Ahmed and Dr. Onady, and that he erred in evaluating her subjective complaints.

Magistrate Judge Bowman's Report and Recommendation concluded that the ALJ's decision was supported by substantial evidence and should be affirmed.  Plaintiff filed timely objections to the Report and Recommendation which are now ready disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision.  "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion."  LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted).  The evidence must do more

than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

#### A. Treating Physician Rule

Plaintiff's first two assignment of errors concern the ALJ's alleged misapplication of the treating physician rule in rejecting the opinions of Drs. Ahmed and Onady.

Under the treating physician rule, opinions of physicians who have treated the claimant receive controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that either of these criteria have not been satisfied, he is required

8

to apply the following factors in determining how much weight to give a treating physician's opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." Wilson v. Commissioner of Social Sec., 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must give "good reasons" for rejecting the opinion of a treating physician. The ALJ's failure to comply with the "good reasons" rule is a procedural error which generally requires reversal even if the record otherwise supports the ALJ's determination. Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242-43 (6th Cir. 2007); see also Rabbers v. Commissioner Social Sec. Admin., 582 F.3d. 647, 656 (6th Cir. 2009) (noting that the Wilson opinion left open the possibility that a de minimis violation of the "good reasons" rule can be a harmless error). The ALJ, however, is not required to give any weight to the conclusory opinions of treating physicians that the claimant is unable to work, since that determination is reserved for the Commissioner. Vance v. Commissioner of Social Sec., 260 Fed. Appx. 801, 804 (6th Cir. 2008).

      The ALJ had a substantial basis for rejecting Dr. Ahmed's opinion. As the ALJ correctly found, Dr. Ahmed's determination of Plaintiff's residual functional capacity was

9

contradicted by other substantial evidence in the record, including his own treatment notes. Although Dr. Ahmed indicated that Plaintiff has substantial limitations in lifting, sitting, and standing, his office treatment notes consistently reflect that she had full range of motion with little or no pain; that she had no sensory impairment; she had full motor power and normal deep tendon reflexes; and straight leg raising to 90 degrees in both legs without back pain or radiculopathy. Tr. 189-215. Thus, although Plaintiff does have spondylosis and a disc prolapse, Dr. Ahmed's actual physical examinations of Plaintiff demonstrate that these impairments do not impose any significant limitations.

Moreover, as the ALJ recognized, Dr. Ahmed's opinion is generally inconsistent with records and treatment notes from Drs. Arand and Nassef. Dr. Arand reviewed Plaintiff's medical history and her various imaging results on a referral from Dr. Ahmed and concluded that Plaintiff does not have any surgical disc disease. Tr. 250. Dr. Nassef treated Plaintiff for about eight months and obtained MRI's of her spine which indicated only mild disc bulging at C5-6 and C6-7 and mild spondylotic changes. Tr. 264-65. Dr. Nassef's treatment approach was conservative, in the main prescribing medication and physical therapy, which suggests that Plaintiff's back condition is not substantially limiting. Compare with Simila v. Astrue, 573 F.3d 503, 519 (7th Cir. 2009)

(conservative treatment course of pain medication, injections, and physical therapy inconsistent with claimant's complaints of disabling pain).

Thus, in summary, as the ALJ accurately concluded, Dr. Ahmed's opinion was inconsistent with the record as a whole and not entitled to controlling weight or special deference.

Similarly, the ALJ did not err by not giving controlling weight to the opinion of Plaintiff's treating psychiatrist, Dr. Onady. As the ALJ noted, Dr. Onady's opinion was contradicted by Dr. Chiappone, who concluded that Plaintiff has only mild to moderate deficits in concentration, attention, and persistence, and in ability to relate to co-workers, supervisors and the public. The ALJ also rejected Dr. Onady's opinion because it was based largely on Plaintiff's self-reported symptoms or complaints. In turn, the ALJ concluded that the severity of Plaintiff's complaints was not credible. As explained further below, this credibility determination was supported by substantial evidence. Thus, the ALJ did not err by rejecting Dr. Onady's opinion on the grounds that it was based on self-reported complaints. See Young v. Secretary of Health & Human Serv., 925 F.2d 146, 151 (6th Cir. 1990)(concluding that the ALJ properly rejected a treating clinical psychiatrist's opinion that the claimant suffered from a severe mental impairment where the psychiatrist's opinion was not supported by

clinical test results); Bell v. Barnhart, 148 Fed. Appx. 277, 285 (6th Cir. 2005) (ALJ properly rejected opinion of treating psychiatrist because it was based on claimant's self-reported symptoms).

Accordingly, the ALJ did not err by not giving controlling weight or special deference to Dr. Onady's opinion.

### B. Plaintiff's Credibility

The ALJ found that Plaintiff was not credible based principally on three findings - drug-seeking behavior, repeated cancellations or not showing up for treatment appointments, and a propensity to engage in physical altercations which is inconsistent with her claimed impairments.  The ALJ also thought that Plaintiff's activities of daily living were inconsistent with her claimed limitations.  While the ALJ probably erred in concluding that Plaintiff has a propensity to engage in physical altercations, his credibility determination was nonetheless supported by substantial evidence and is entitled to deference. Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997) (ALJ's credibility determination is entitled to great deference if supported by substantial evidence).

Although Plaintiff admittedly had a number of legal scrapes in her teens and early twenties, the ALJ's conclusion that she has a propensity of engage in physical altercations and criminal conduct after the onset date of disability rests on

12

shaky ground.  For instance, one incident involving a physical altercation may in fact have been self-defense.  Tr. 301.  Another incident was rather vaguely described as a "fight" and did not necessarily involve physical violence.  Tr. 322.  Allegations that Plaintiff was involved in using drugs with her daughter appear to have been just that - allegations that were not substantiated.  Tr. 330.

Nevertheless, the other bases for the ALJ's credibility determinations were amply supported.  The ALJ did not just divine from the record drug-seeking behavior by Plaintiff - it was documented on at least three occasions by treating sources.  See Tr. at 139 (emergency room treatment notes)("She has demanded narcotics from us and has been fairly manipulative while in the emergency room, suggesting that Dr. Ambrosia had offered her narcotics.  When Dr. Ambrosia was approached about this, he denied that he had offered her any narcotics whatsoever."); Tr. 397; Tr. 406 (office note from Dr. Onady) ("Spoke with MD, suspects drug seeking.").  Other incidents of drug-seeking behavior are suggested by the record.  Tr. 343, 386, 481, 520.  An ALJ may properly reject the claimant's credibility based on drug-seeking behavior.  Simila, 573 F.3d at 519-20.

Additionally, the ALJ properly rejected Plaintiff's credibility based on her abysmal track record of missing or cancelling treatment appointments.  The Court counts at least 34

occasions where Plaintiff either cancelled treatment appointments for failed to show up at all for treatment. Tr. 165, 166, 169, 195, 196, 197, 200, 208, 209, 296, 308, 309, 310, 311, 326, 327, 328, 333, 334, 347, 349, 354, 357, 358, 359, 361, 362, 363, 364, 366, 367, 388, 389, 418.  While Plaintiff contends that she had valid excuses for missing at least some of her appointments, Doc. no. 17, at 2-3, the ALJ was entitled to find, as he did, that her excuses were unconvincing after a while. Tr. 19.  Additionally, Plaintiff voluntarily terminated both physical therapy and mental health counseling.  Tr. 176, 289.  All of these actions adversely affect her credibility.  E.g., Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990) ("Though Moon claims that his depression and obsessive compulsive disorder are disabling, his medical history reveals only sporadic psychiatric visits that were often separated by years.  Similarly, though various medications exist, the claimant chose to forego drug therapy due to the possible side effects."); Stull v. Commissioner of Social Sec., No. 1:09 CV 2379, 2011 WL 861909, at *5 (N.D. Ohio Feb. 4, 2011) (claimant's noncompliance with treatment recommendations detracted from his reliability).

Finally, while not overwhelming, Plaintiff's testimony that she can perform some household chores, help get her children ready for school, cook meals, and do some grocery shopping all support the ALJ's determination that Plaintiff is not disabled

14

from working by any physical or mental impairments. Tr. 560-64; Compare with Warner v. Commissioner of Social Sec., 375 F.3d 387, 392 (6th Cir. 2004) (ALJ properly discounted claimant's claim of disabling pain where "he could manage his personal hygiene, pick a coin off a table, vacuum, drive short distances, and wash spoons and forks.").

In short, the ALJ's assessment of Plaintiff's credibility was substantially supported by the record.

## Conclusion

In short, the ALJ's decision was clearly supported by substantial evidence. Accordingly, Plaintiff's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ determining that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED.** This case is closed on the docket of the Court.

**IT IS SO ORDERED**

Date April 13, 2011          s/Sandra S. Beckwith
                             Sandra S. Beckwith
                      Senior United States District Judge